IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY<br>Plaintiff,<br><br>v.<br><br>BASSETT BOAT COMPANY, INC.<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-356/S |

**AMENDED COMPLAINT**

Plaintiff, New Hampshire Insurance Company ("NHIC"), by and through its attorneys, alleges for its Complaint as follows:

1. This is an action seeking a declaration pursuant to 28 U.S.C. §§2201 and 2202 of the rights, duties and liabilities of the parties under a Yacht Dealer/Marina Operations Policy issued by NHIC to defendant Bassett Boat Company, Inc. ("Bassett") with respect Bassett's claim ("Claim") for insurance benefits for losses arising out of a storm occurring on or about April 15, 2007 ("Storm").

**PARTIES**

2. NHIC is a member company of the American International Group of Companies, a Delaware corporation with principal offices at 70 Pine Street, New York, New York and is authorized to do business in the State of Rhode Island and the Commonwealth of Massachusetts, among other states.

3. Upon information and belief, Bassett is a Massachusetts corporation with a principal place of business at 121 West Street, Springfield, Massachusetts. Bassett is engaged primarily in selling new and used boats. Bassett has multiple facilities in Massachusetts and

Rhode Island, one of which is located at 1 Masthead Drive, Warwick, Rhode Island ("Warwick facility").

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a), 2201 and 2202 because diversity of citizenship exits between the plaintiff and the defendant. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000) exclusive of interest and costs.

5. The Storm and the alleged damage for which Bassett seeks compensation occurred at Bassett's Warwick facility, in Rhode Island. Venue for this action is therefore proper in this District pursuant to 28 U.S.C. §1391(a)(2).

**THE INSURANCE POLICY**

6. NHIC issued Bassett a Yacht Dealer/Marina Operations Policy, policy number DMO 690-89-66, with effective dates of February 1, 2007 to February 1, 2008 ("Policy"), attached hereto as Exhibit A.

7. At all times relevant hereto, Bassett was the only named insured under the Policy.

8. The ***Yacht Dealers Coverage Form – Section A*** ("Section A") of the Policy specifies the extent of insurance coverage available to Bassett under the Policy in connection with its Claim. Section A is the only section of the Policy that provides coverage for Bassett's Claim.

9. Section A provides coverage for the following property:

> ***1. PROPERTY COVERED –***
> ***A. [Bassett's] stock for sale consisting principally of private pleasure inboard motorboats, sailboats, outboard motors, outboard motorboats, canoes, rowboats boat trailers and accessories, appurtenances and supplies for all the foregoing, either [Bassett's]***

> ***property or the property of others held on consignment, or sold but not delivered or being examined or tested prior to trade-in….***

10. Section A provides coverage for only the following perils:

> ***4. PERILS INSURED***
> ***This form insures against risks of direct physical "loss" or damage to the property covered, except as provided elsewhere in this policy….***

11. The term "Loss" as it is used in Section A ***"means accidental loss or damage."***

12. Insurance coverage available under Section A is limited as follows:

> ***[7]A. On unsold property other than the used boats: [NHIC] shall not be liable for more than the actual cash value taking into account proper deduction for depreciation and in no event shall [NHIC] be liable for more than the cost to repair or replace the same with like kind and quality***
>
> ***…***
>
> ***C. On sold property: [NHIC] shall not be liable for more than the net selling price less all discounts.***

13. Pursuant to Section A, Part 9, ***"all repairs and replacement for which [NHIC] shall be liable [under Section A] shall be made at [Bassett's] cost prices for time, labor and material…."***

**<u>THE UNDERLYING CLAIM</u>**

14. On or about April 16, 2007, Bassett notified NHIC that it incurred a loss after the Storm struck its Warwick facility and damaged or destroyed multiple boats at that location. In connection with the alleged loss, Bassett made a claim for coverage under the Policy.

15. On April 16, 2007, NHIC retained a marine surveyor to conduct an investigation and assessment of Bassett's Claim. Within days, NHIC's surveyor went to Bassett's Warwick facility to assess the damage.

16. As a result of the Storm, one of Bassett's stock vessels, a 57 foot Viking Sport Cruiser (Hull No. VSC57079B607) (hereafter "Viking"), reportedly was damaged and sank As a result of the sinking, the Viking was deemed a constructive total loss.

17. As a result of the storm, the following boats were reported to NHIC to be subject to the Policy and damaged, but repairable:

a. Monterey 27 / Stk # UU 2206

b. Sea Ray 31 DA / Stk # 3062

c. Sea Ray 320 DA; Stk # U2736

d. Sea Ray 280 DA / Stk # 2711

e. Sea Ray 27 AJ / Stk # 2961

f. Sea Ray 52 DA / Stk # 3027

g. Sea Ray 40 DA / Stk # 3024

h. Sea Ray 320 DA / Stk # 2717

i. Sea Ray 36 DB; Stk # 2910

j. Sea Ray 320 DA / Stk # 2718

k. Sea Ray 380 DA / Stk # U2956

l. Sea Ray 34 DA / Stk # 2828

m. Sea Ray 34 Sportsman / Stk # 3077

n. Sea Ray 30 DA / Stk # 2883

o. Sea Ray 370 DA / Stk # UUU2760

p. Sea Ray 460 DA / Stk # 2764

q. Sea Ray 40 MY / Stk # 2756

r. Sea Ray 340 DA / Stk # 2721

s. Sea Ray 300 DA / Stk # 2972

t. Sea Ray 240 DA / Stk # 2944

u. Sea Ray 380 DA / Stk # UU2757

18. Bassett reported to NHIC that prior to the Storm, it had sold, but not yet delivered the reportedly damaged Sea Ray 280 DA / Stk # 2711 (identified at ¶ 17(d) of this Amended Complaint) (hereafter "Stk. # 2711") and Sea Ray 40 MY / Stk # 2756 (identified at ¶ 17(q) of this Amended Complaint) (hereafter "Stk. # 2756").

19. After learning about the damage incurred during the storm, the purchasers of Stk. # 2711 and Stk # 2756 informed Bassett that they would not accept delivery of the boats, and threatened to sue Bassett for breach of contract. NHIC agreed to defend Bassett in connection with the legal threats made by the purchasers, subject to a full and complete reservation of its rights, privileges and defenses under the Policy (including the right to seek reimbursement of legal fees to which Bassett is not entitled under the Policy) and its continuing investigation of the facts and circumstances underlying the threats. See Exhibit B.

20. NHIC has paid defense costs (for professional services rendered and disbursements advanced), attributable to the defense of Bassett in connection with the threats of suit made by the purchasers of Stk. # 2711 and Stk # 2756.

**THE COVERAGE CONTROVERSY**

21. The parties disagree as to the amount of coverage available for the Viking. Bassett reportedly purchased and took delivery of the Viking in April, 2006 at a wholesale price of $1,457,800. Upon information and belief, Bassett did not materially alter or improve the Viking from its original factory condition. On July 26, 2007 NHIC paid Bassett $1,457,800 pursuant to Section A of the Policy for the loss of the Viking. NHIC submits that Bassett has

been paid all money it is entitled receive under the Policy to for the loss of the Viking. Bassett disagrees and claims that it is entitled to be paid more than the price it paid for the Viking.

22. Although being reported as damaged, Bassett has not, and does not, make a claim for repairs to the following vessels:

| Unit | Stk # | Identified in ¶ 17 |
|---|---|---|
| Sea Ray 320 DA | U2736 | 17(c) |
| Sea Ray 36 DB | 2910 | 17(i) |
| Sea Ray 380 DA | U2956 | 17(k) |
| Sea Ray 34 DA | 2828 | 17(l) |
| Sea Ray 30 DA | 2883 | 17(n) |
| Sea Ray 460 DA | 2764 | 17(p) |

23. With respect to those vessels for which Bassett does seek repair costs, the parties disagree as to the amount of coverage available.

24. With respect to Stk. # 2711 and Stk # 2756, identified in Paragraphs 17(d) and 17(q) respectively, Bassett claims that it is entitled to receive the net sales price identified in Bassett's contracts with the respective purchasers. NHIC contends that pursuant to Section A, Part 9, of the Policy, Bassett is only entitled to recover its own actual costs to make the repairs.

25. Bassett made the repairs to the vessels identified in Paragraphs 28-31 and submitted to NHIC work orders reflecting the repair work performed. With the exception of the work order identified in Paragraph 31, every work order submitted by Bassett reflects Bassett's retail prices for materials and labor, rather than Bassett's own "cost prices for time, labor and material…" as stated in Section A, Part 9, of the Policy.

26. Bassett claims that it is entitled to be reimbursed at its retail prices charged for "time, labor and materials" to make repairs to the vessels identified in Paragraphs 28-31.

27. NHIC contends that pursuant to Section A, Part 9, of the Policy, Bassett is only entitled to recover its own actual costs to make the repairs for all damaged vessels.

28. On September 12, 2007 NHIC tendered $70,364.81 to Bassett for vessel repairs made pursuant to work orders submitted in connection with following vessels:

| Unit | Stk # | Identified in ¶ | Payment |
|---|---|---|---|
| Monterey 27 | UU2206 | 17(a) | $ 104.00 |
| Sea Ray 31 DA | 3062 | 17(b) | $ 2,022.11 |
| Sea Ray 280 DA | 2711 | 17(d) | $ 4,272.18 |
| Sea Ray 27 AJ | 2961 | 17(e) | $ 640.75 |
| Sea Ray 52 DA | 3027 | 17(f) | $23,071.64 |
| Sea Ray 40 DA | 3024 | 17(g) | $12,711.36 |
| Sea Ray 320 DA | 2717 | 17(h) | $ 3,179.01 |
| Sea Ray 320 DA | 2718 | 17(j) | $ 1,209.14 |
| Sea Ray 34 S-man | 3077 | 17(m) | $14,690.17 |
| Sea Ray 370 DA | UUU2760 | 17(o) | $ 5,181.94 |
| Sea Ray 380 DA | UU2757 | 17(u) | $ 175.91 |
| Viking 57 Fly | 2937 | 16 | $ 3,106.60 |

29. On November 15, 2007, NHIC tendered $13,181.80 to Bassett for vessel repairs made pursuant to work orders submitted in connection with following vessels

| Unit | Stk # | Identified in ¶ 17 | Payment |
|---|---|---|---|
| Sea Ray 340 DA | 2721 | 17(r) | $3,605.82 |
| Sea Ray 300 DA | 2972 | 17(s) | $8,239.13 |
| Sea Ray 240 DA | 2944 | 17(t) | $1,336.85 |

30. On February 4, 2008, NHIC tendered $7,147.32 to Bassett for "follow-up" repairs made pursuant to work orders submitted in connection with following vessels:

| Unit | Stk # | Identified in ¶ 17 | Payment |
|---|---|---|---|
| Sea Ray 27 AJ | 2961 | 17(e) | $2,445.80 |
| Sea Ray 340 DA | 2721 | 17(r) | $4,701.52 |

31. With respect to Stk # 2756 (identified in ¶ 17(q)), Bassett has represented that it was able to identify Bassett's own "cost prices for time, labor and material…" as stated in Section A, Part 9, of the Policy and submitted a work order reflecting $115,050.37 in necessary repairs to the vessel.

32. Bassett's Claim is subject to a $2,500 deductible, which Bassett has not paid.

33. NHIC is ready willing and able to tender to Bassett a check in the amount of $112,550.37, which amount includes the expected cost to repair to Stk # 2756, minus the $2,500 deductible that Bassett has yet to pay.

34. Payment in accordance with ¶¶ 28-30 and 33 of this Amended Complaint discharged and/or discharges NHIC's liability under the Policy for all payments for all repairs to all vessels damaged in the Storm.

35. Claims asserted by the purchasers of Stk. # 2711 and Stk # 2756 (and any other customers) against Bassett Boat based on a disagreement over the sale of a boat are not covered losses under the Policy. Such disputes between Bassett Boat and its customers are contractual in nature and are beyond the scope of coverage provided under the Policy. Accordingly, NHIC contends and avers that it has no obligation under or pursuant to the Policy to defend or indemnify Bassett in connection with any contract-based claims that may be asserted by any of Bassett's customers, including the purchasers of Stk. # 2711 and Stk # 2756.

36. A justifiable controversy exists between the parties herein concerning their respective rights, duties and obligations under the Policy.

## Request For Relief

WHEREFORE, in light of the foregoing, NHIC respectfully requests this Court to enter a judgment in its favor declaring that:

(1) NHIC has paid Bassett all amounts available under the Policy in connection with the constructive total loss of the Viking;

(2) NHIC's liability for all vessels damaged in the Storm is limited to reimbursement of Bassett's actual costs for "time, labor and materials" to make the repairs;

(3) Payment in accordance with ¶¶ 28-30 and 33 of this Amended Complaint discharged and/or discharges NHIC's liability under the Policy for all payments for repairs to all vessels damaged in the Storm;

(4) NHIC neither had, nor has it ever had, a duty or obligation to defend or indemnify Bassett in connection with any legal threats made by the purchasers of Stk. # 2711 and Stk # 2756, or any other contract-based claims made by Bassett's customers in connection with any damage incurred during the storm;

(5) NHIC is entitled to be reimbursed by Bassett for the defense costs it paid in connection with the defense of the threats of suit made by the purchasers of Stk. # 2711 and Stk # 2756; and

(6) NHIC is entitled to recover any additional costs or expenses of this litigation, together with interest, and such other and further relief this Court deems just and appropriate.

Respectfully submitted,

/s/ Michael J. Daly

Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Plaintiff, New Hampshire
Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: February 6, 2008

CERTIFICATE OF SERVICE

To:

Richard M. Levy, Esq.
Kroll, McNamara, Evans & Delehanty, LLP
29 South Main Street
West Hartford, CT 06107

Gardner H. Palmer Jr., Esq.
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903

I hereby certify that I caused to be served on the above-named counsel for defendant a copy of the within AMENDED COMPLAINT by email on the 6th day of February, 2008. I further certify that I electronically filed this AMENDED COMPLAINT on February 6, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service has been effectuated by electronic means.

/s/ Michael J. Daly