MARINE
AI Marine Adjusters, Inc.

175 Water Street, 14th Floor
New York, New York 10038
Tel. #: 212-458-6513
Fax #: 212-458-6520
E-Mail: Susan.Smith3@AIG.com

**Via Fax, Certified Mail & Regular Mail**
**Fax# 413-783-8901**
**70062760000404546564**

May 22, 2007

Ms. Diane Bassett Zable
Bassett Boat Company
121 West Street
Springfield, MA 01104

**Re: Assured: Bassett Boat Company**
**Policy No.: DMO 690-89-66**
**Date of Incident: 4/15/07**
**Nor'easter Yacht Claims**
**Our Ref No.: LE08655**

Dear Ms. Zable:

The New Hampshire Insurance Company, as the primary Yacht Dealer/Marina Operations insurer of the Bassett Boat Company ("Bassett Boat"), has reviewed Bassett Boat's claim arising out of property damage caused by a storm that struck its premises at 1 Masthead Drive, Warwick, Rhode Island on April 23, 2007. We address coverage under Yacht Dealer/Marina Operations Policy number DMO 690-89-66, with effective dates of February 1, 2007 to February 1, 2008 ("Policy"). We direct your attention to the following policy provisions:

**YACHT DEALERS COVERAGE FORM – SECTION A**

**1. PROPERTY COVERED –**

**A. Your stock for sale consisting principally of private pleasure inboard motorboats, sailboats, outboard motors, outboard motorboats, canoes, rowboats boat trailers and accessories, appurtenances and supplies for all the foregoing, either your property or the property of others held on consignment, or sold but not delivered or being examined or tested prior to trade-in....**

**4. PERILS INSURED**

**This form insures against risks of direct physical "loss" or damage to the property covered, except as provided elsewhere in this policy...**

**7. VALUATION**

**In the event of any claim, you agree that the property covered shall be valued as follows:**

**A. On unsold property other than the used boats: We shall not be liable for more than the actual cash value taking into account proper deduction for depreciation and in no event shall we be liable for more than the cost to repair or replace the same with like kind and quality....**

**9. CONDITIONS**

**B. You agree that all repairs and replacement for which we shall be liable hereunder shall be made at your cost prices for time, labor and material....**

To the extent Bassett Boat seeks coverage for costs to repair the damaged boats, it appears coverage is available under Section A, referenced above. Specifically, we understand that the damaged boats fall into three categories identified in Section A: "your stock;" boats "sold but not delivered;"[1] and one boat that was on Bassett Boat's premises that was "being examined or tested prior to trade-in." Below is an inventory of the boats that have been reported as damaged:

1) Monterey 27 / Stk # UU 2706 ("Sold but not delivered")

2) Sea Ray 31 DA / Stk # 3062 ("your stock")

3) Sea Ray 320 DA; Stk # U2736 ("Sold but not delivered")

4) Sea Ray 280 DA / Stk # 2711 ("Sold but not delivered")

5) Sea Ray 27 AJ / Stk # 2961 ("Sold but not delivered")

6) Viking 57 Fly; Stk # 2937 ("your stock")

7) Sea Ray 52 DA / Stk # 3027 ("your stock")

8) Sea Ray 40 DA / Stk # 3024 ("Sold but not delivered")

9) Sea Ray 320 DA / Stk # 2717 ("Sold but not delivered")

10) Sea Ray 36 DB; Stk # 2910 ("Sold but not delivered")

---

[1] We understand that Bassett Boat internally may have referred to some of the damaged boats as having been "closed, delivered" at one time. However, after speaking with representatives from Bassett Boat, attorney James Murphy has confirmed that none of the damaged boats have been '"delivered' within the meaning of the Uniform Commercial Code."

11)Sea Ray 320 DA / Stk # 2718 ("Sold but not delivered")

12)Sea Ray 380 DA / Stk # U2956 ("being examined or tested prior to trade-in")

13)Sea Ray 34 DA / Stk # 2828 ("Sold but not delivered")

14)Sea Ray 34 Sportsman / Stk # 3077 ("Sold but not delivered")

15)Sea Ray 30 DA / Stk # 2883 ("Sold but not delivered")

16)Sea Ray 370 DA / Stk # UUU2760 – ("Sold but not delivered")

17)Sea Ray 460 DA / Stk # 2764 – ("Sold but not delivered")

18)Sea Ray 40 MY / Stk # 2756 ("Sold but not delivered")

For each of the above reference boats, we need the following documentation to further proceed with your claim:

a) Dealer's Invoices and Builder's Certificate or Statement of Origin to confirm Basset Boat's ownership of all "stock" boats and boats "sold but not delivered";

b) any documentation concerning the ownership and/or status of the Sea Ray 380 DA / Stk # U2956, which was "being examined or tested prior to trade-in" as of April 23, 2007;

c) sales agreements for all boats "sold but not delivered" (customers' social security numbers may be redacted); and

d) documentation of repair costs for all damaged boats.

The above referenced documentation is necessary to confirm coverage under Section A, as well as to properly value the loss in accordance with Part 7 of Section A of the Policy. Any additional documentation that you feel would be useful in reviewing or valuing Bassett Boat's claim, or otherwise discharging its duty under the GENERAL CONDITIONS of the Policy to "cooperate with" New Hampshire Insurance Company and "upon the Company's request...[, to] secur[e] information, evidence, obtain[] witnesses...," would be appreciated.

With respect to the 57 Viking, Hull # VSC57079B607 (identified in the above inventory as boat No. 6), we received your May 18, 2007 letter providing supporting documentation for the boat. We reiterate that, in accordance with Part 7(A) of Section A of the Policy, New Hampshire Insurance Company shall not "be liable for more than the cost to repair or replace the same with like kind and quality." Therefore, "floor plan

interest" and "other maintenance cost[s]" are not reimbursable under the Policy. Once we receive the Manufacturer's Statement of Origin or Builder's Certificate for the Viking, however, we intend to forward payment in the amount of $1,457,800 (invoice price), payable to Bassett Boat and Key Bank.

Additionally, with respect to the boats that were "sold but not delivered" and the one boat that was "being examined or tested prior to trade-in," we understand that that the customers/owners may have obtained their own coverage for the damaged boats. In this regard, we refer to the GENERAL CONDITIONS of the policy, which provides that "[i]f there is any other valid and collectible insurance which would apply in the absence of this policy the insurance under this policy shall apply only as excess over such other insurance." Therefore, to the extent you are aware of other insurance policies pertaining to any of the damaged boats, please forward us that information at your earliest convenience.

We also have been asked to consider coverage for potential claims asserted by third parties against Bassett Boat. To that end, we have reviewed: 1) James A. Bello, Esq.'s April 23, 2007 letter to you; 2) James T. Murphy, Esq.'s May 2, 2007 email to me, on which you were copied; and 3) David Wilensky, Esq.'s May 14, 2007 memorandum to you.

We understand that Mr. Cormer and Mr. Renehan entered contracts to purchase new boats from Bassett Boat before the April 23, 2007 storm, but that the boats which were slated to be delivered to Messrs. Cormer and Renehan were damaged in the storm. We further understand that Messrs. Cormer and Renehan have refused to take delivery of the boats because of the damage and, accordingly, have cancelled their contracts and threatened to sue Bassett Boat to obtain a full refund of their purchase price.

It is New Hampshire Insurance Company's position that claims asserted by Messrs. Renehan and Cormer (and any other customers) against Bassett Boat based on a disagreement over the sale of a boat are not covered under the Policy. Such disputes between Bassett Boat and its customers are contractual in nature and are beyond the scope of coverage provided under the Policy. Moreover, Section B of the Policy provides that "this coverage does not insure against nor shall any liability attach for ... any liability assumed under contract or otherwise in extension of the liability imposed on you by the law." Accordingly, contract-based claims asserted against Bassett Boat generally are not covered.

New Hampshire Insurance Company has appointed attorney Murphy to defend Bassett Boat in connection with claims that may fall within the scope of coverage. However, New Hampshire Insurance Company's provision of a defense is not to be construed of a waiver of its position that there is no coverage for contract-based claims against Bassett Boat. Should any of Bassett Boat's customers obtain a judgment against Bassett Boat arising out of a breach of contract, Bassett Boat, not New Hampshire Insurance Company, will be obligated to satisfy the entire judgment. New Hampshire specifically reserves the right to withdraw its defense and to decline

coverage in connection with such actions should information develop that indicates such a course is warranted in the circumstances. Moreover, New Hampshire Insurance Company reserves its right to seek reimbursement of defense costs paid by New Hampshire Insurance Company to defend Bassett Boat in the event it is determined that New Hampshire Insurance Company has no duty to defend Bassett Boat.

Please be advised that any action taken by the New Hampshire Insurance Company, its agents, representatives or attorneys is not to be construed as, nor does it constitute a waiver of any rights and/or defenses available to New Hampshire Insurance Company under the terms, conditions, provisions and exclusions of the above referenced policy. Nor shall it bar the New Hampshire Insurance Company from asserting at a later date, any rights or defenses that may be available now or in the future. New Hampshire Insurance Company expressly reserves its right to modify, restate, correct, clarify, supplement or amend this letter as needed.

Our position relative to coverage issues as described herein is based on the facts as they have been reported to New Hampshire Insurance Company and on the facts as we know them. We are prepared to re-evaluate our position at any time there may be a material change in circumstances. If you possess any information or documentation that you believe would cause us to change our position on this matter, please forward it to us immediately for our consideration.

Very truly yours,

Susan Smith
Hull Manager
Marine Claims Department

CC: James Murphy, Esq.