**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY | : | |
| Plaintiff | : | Case No. 07-0356-S |
| v. | : | JURY TRIAL REQUESTED |
| BASSETT BOAT CO., INC. | : | |
| Defendant | : | |

**ANSWER, AFFIRMATIVE DEFENSES and**
**COUNTERCLAIM OF DEFENDANT BASSETT BOAT CO., INC.**

The defendant, Bassett Boat Company, Inc. (hereinafter "Bassett") hereby files this Answer, Affirmative Defenses and Counterclaim in response to the Amended Complaint, dated February 6, 2008, filed by the plaintiff, New Hampshire Insurance Company, as follows:

ANSWER

1. Bassett is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

2. Bassett is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

3. Bassett admits that it is a Massachusetts corporation with a principal place of business at 121 West Street, Springfield, Massachusetts, and that it is engaged primarily in selling new and used boats. Bassett admits that it has multiple facilities in Massachusetts, but it has only one facility in Rhode Island located at 1 Masthead Drive, Rhode Island.

4. Admitted.

5. Admitted.

6. Bassett admits that NHIC issued to it an insurance policy bearing policy number DMO690-89-66, with effective dates of February 1, 2007 to February 1, 2008. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

7. Admitted.

8. Denied.

9. Bassett denies these allegations to the extent they differ from the terms of the Policy, which speak for themselves.

10. Bassett denies these allegations to the extent they differ from the terms of the Policy, which speak for themselves.

11. Bassett denies these allegations to the extent they differ from the terms of the Policy, which speak for themselves.

12. Bassett denies these allegations to the extent they differ from the terms of the Policy, which speak for themselves.

13. Bassett denies these allegations to the extent they differ from the terms of the Policy, which speak for themselves.

14. Admitted.

15. Bassett is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

16. Admitted.

17. Bassett admits that the listed boats were damaged as a result of the storm and reported to NHIC as damaged, but denies that all of the listed boats were reported to be repairable.

18. Admitted.

19. Bassett admits so much of this paragraph as states that the purchasers of the boats informed Bassett that they would not accept delivery of the boats. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

20. Bassett is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

21. Bassett admits that the parties disagree as to the amount of coverage available for the Viking, and that it claims that it is entitled to be paid more from NHIC than the price that Bassett paid for the Viking. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

22. Denied.

23. Admitted.

24. Bassett admits that it claims it is entitled under the Policy to receive the net sales price (less discounts) with respect to Stk. # 2711 and Stk. # 2756. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

25. Bassett admits so much of this paragraph as states: "Bassett made the repairs to the vessels identified in Paragraphs 28-31 and submitted to NHIC work orders reflecting the repair work performed," but Bassett specifically denies any implication that the repairs made by Bassett were sufficient in every case to restore the damaged vessels to a condition of like kind and quality prior to the loss. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

26. Bassett is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

27. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

28. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

29. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

30. Bassett is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the allegations.

31. Denied.

32. Denied.

33. Bassett is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

34. Denied.

35. Denied.

36. Bassett is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies the allegations.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

Second Affirmative Defense

Although venue exists in the District of Rhode Island pursuant to 28 U.S.C. § 1391(a)(2), fairness and equity require that this case be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

**WHEREFORE**, Bassett respectfully asks the Court to (i) transfer this case to the District of Massachusetts; (ii) dismiss NHIC's complaint with prejudice and enter judgment in favor of Bassett on all claims; and (iii) award such other and further relief as the Court deems proper and just.

**COUNTERCLAIM**

FIRST COUNT (Breach of Insurance Contract)

1. The counterclaim-plaintiff, Bassett Boat Company, Inc. (hereinafter "Bassett"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 121 West Street, Springfield, Massachusetts.

2. Bassett is a family-owned and operated dealer of new and used recreational boats. In addition to its corporate office in Springfield, Massachusetts, Bassett operates showrooms in Quincy, Massachusetts; Westbrook and Cos Cob, Connecticut; and Warwick, Rhode Island, and maintains a service center in Ludlow, Massachusetts.

3. Upon information and belief, the counterclaim-defendant, New Hampshire Insurance Company (hereinafter "NHIC"), is a Delaware corporation with its principal office located 70 Pine Street, New York, New York.

4. Between February 1, 2007, and February 1, 2008, Bassett's business operations were insured by various policies of insurance issued by NHIC, including a commercial policy bearing policy number 01-LX-8997773-5/000 (hereinafter the "Commercial Policy"); a Yacht Dealers/Marina Operators Policy bearing policy number DMO 690-89-66 (hereinafter the "Yacht Dealers Policy"); and a Bumbershoot Policy bearing policy number UL 494-10-05 (hereinafter the "Bumbershoot Policy"). The Commercial Policy, Yacht Dealers Policy and Bumbershoot Policy are hereinafter collectively referred to as the "NHIC Policies."

5. On or about April 15, 2007, Bassett's facility in Warwick, Rhode Island, was struck by a severe storm. At the time the storm occurred, Bassett was in the process of preparing boats for spring delivery to its customers and launching vessels that had been in dry dock for the winter season.

6. As a result of the storm, numerous boats in Bassett's stock – including both sold and unsold boats – suffered varying degrees of damage.

7. Bassett timely notified NHIC of the loss as required by the terms of the Policies.

8. The boats damaged by the storm included, but were not limited to:

a. 57' Viking Sport Cruiser (Hull No. VSC57079B607) (hereinafter the "Viking"), which was unsold at the time of the storm;

b. 40' Sea Ray 40MY (Stock No. 2756) (hereinafter the "Sea Ray 40MY"); which had been sold but not yet delivered at the time of the storm; and

c. 28' Sea Ray 280 DA (Stock No. 2711) (hereinafter the "Sea Ray 280DA"), which had been sold but not yet delivered at the time of the storm.

9. With respect to the Viking, the storm caused said vessel to become partially submerged, as a result of which it took on a substantial amount of water. NHIC ultimately declared the Viking a constructive total loss. Although NHIC has made a payment to Bassett on account of the loss to this vessel, it has failed and refused

to fully compensate Bassett for its loss pursuant to the terms of the Yacht Dealer's Policy.

10. With respect to the Sea Ray 40MY, the storm caused substantial damage thereto. Bassett informed NHIC that the extent of the damage to the vessel rendered it a constructive total loss, but NHIC refused to deem the vessel a constructive total loss. Although NHIC has made a payment to Bassett which partially compensated Bassett for repair costs to this vessel, NHIC has failed and refused to fully compensate Bassett for its loss pursuant to the terms of the Yacht Dealer's Policy. Specifically, but without limitation, NHIC has failed and refused to pay to Bassett the net selling price of the boat less discounts.

11. With respect to the Sea Ray 280DA, the storm caused substantial damage thereto. Although NHIC has made a payment to Bassett which partially compensated Bassett for repair costs to this vessel, NHIC has failed and refused to fully compensate Bassett for its loss pursuant to the terms of the Yacht Dealer's Policy. Specifically, but without limitation, NHIC has failed and refused to pay to Bassett the net selling price of the boat less discounts.

12. In addition to the Viking, the Sea Ray 40MY, and the Sea Ray 280DA, numerous other unsold vessels in Bassett's stock were damaged by the storm and covered under the Yacht Dealers Policy, but NHIC has failed and refused to fully compensate Bassett for its losses pursuant to the terms of the Yacht Dealer's Policy.

13. As a result of NHIC's failure and refusal to fully compensate Bassett under the Yacht Dealers Policy on account of Bassett's substantial losses resulting from the storm, Bassett has suffered damages.

SECOND COUNT (Breach of Covenant of Good Faith and Fair Dealing)

14. Paragraphs 1 through 13 of the First Count are hereby incorporated by reference as paragraph 14 of this Second Count as if fully set forth herein.

15. In consideration for NHIC making a payment to Bassett on account of Viking, NHIC required Bassett to execute a limited release in which Bassett agreed, inter alia, to "transfer all right, title and interest in the Viking to [NHIC], and otherwise sign all documents and do all things reasonably necessary for [NHIC] to convey any or all right, title and interest in the Viking to any other person or entity."

16. Although at all times relevant hereto Bassett stood ready, willing and able to comply with its obligations under the limited release to transfer all right, title and interest in the Viking to NHIC, NHIC demanded that Bassett transfer the Viking to a third party unrelated to NHIC, in direct contravention of the agreement in the limited release.

17. In addition to requiring Bassett to transfer title to the Viking in contravention of the express terms of the limited release, NHIC also failed and refused to (i) properly negotiate with and arrange for the transfer of the vessel to the third party; (ii) advise Bassett as to the potential liability issues associated with such a direct transfer to the third party; (iii) indemnify and/or hold Bassett harmless as a result of any future liability that Bassett might suffer on account of the direct transfer to the third

party; (iv) properly document the direct transfer of the Viking to the third party in a manner sufficient to fully protect the legal rights of NHIC's insured; (v) compensate Bassett for its costs and expenses, including reasonable attorneys' fees, incurred in connection with its carrying out the above tasks that NHIC failed and refused to perform.

18. As a result of NHIC failing and refusing to perform the above, and as a further result of the threats made by NHIC that Bassett's failure to comply with NHIC's demand that Bassett transfer the Viking directly to the third party could result in NHIC taking action against Bassett as a result thereof, Bassett was compelled to incur substantial expense to properly negotiate with and arrange for the transfer of the vessel to the third party; (ii) obtaining legal advice as to its potential liability associated with such a direct transfer to the third party; and (iii) properly documenting the direct transfer of the Viking to the third party in a manner sufficient to fully protect its legal rights.

19. Bassett reasonably expected to receive certain benefits under the Policies, including the Yacht Dealers Policy.

20. NHIC engaged in conduct that injured Bassett's right to receive some or all of those benefits.

21. At the time NHIC committed the acts by which it injured Bassett's right to receive the benefits it reasonably expected to receive under the Policies, including the Yacht Dealers Policy, NHIC was not acting in good faith.

22. As a result of NHIC's conduct, Bassett has suffered and continues to suffer damages.

THIRD COUNT (Violation of Mass. Gen. Laws ch. 93A § 11)

23. Paragraphs 1 through 13 of the First Count are hereby incorporated by reference as paragraph 23 of this Third Count as if fully set forth herein.

24. Paragraphs 15 through 22 of the Second Count are hereby incorporated by reference as paragraph 23 of this Third Count as if fully set forth herein.

25. NHIC is and was at all times relevant to this case engaged in trade and commerce by marketing, advertising, selling, and administering insurance policies and/or otherwise engaging in the insurance business.

26. The conduct of NHIC constitutes an unfair method of competition and an unfair and deceptive act or practice and an unfair claim settlement practice in violation of Mass. Gen. Laws ch. 176D § 3(9) in one of more of the following ways:

a. NHIC and/or its agents misrepresented pertinent facts or insurance policy provisions relating to the coverage at issues;

b. NHIC refused to pay Bassett's claims in full without conducting a reasonable investigation based on all available evidence;

c. NHIC failed to affirm or deny coverage of claims within a reasonable time after proof of loss statements were completed; and/or

d. NHIC failed to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

27. The foregoing acts and practices of NHIC constitute a violation of Mass. Gen. Laws ch. 93A §§ 2 and 11 because they offend public policy as it has been established by statutes, common law or otherwise.

28. NHIC's conduct is unethical, oppressive and unscrupulous.

29. NHIC's conduct has caused substantial injury to the Bassett.

30. Bassett has suffered an ascertainable loss as a result of NHIC's conduct.

31. Bassett is entitled to compensation for the ascertainable loss that it suffered as caused by NHIC's conduct.

**WHEREFORE**, Bassett respectfully asks the Court for:

1. Judgment against NHIC on all counts;

2. Money damages;

3. Costs and expenses, including reasonable attorneys' fees;

4. Interest;

5. Double or treble damages, plus attorneys' fees, costs, punitive damages, and interest under the Third Count; and

6. Such other and further relief that may be just and appropriate.

BASSETT HEREBY REQUESTS A JURY TRIAL FOR ALL CLAIMS TRIABLE TO A JURY.

April 4, 2008.

DEFENDANT, BASSETT
BOAT COMPANY, INC.
By Its Attorneys

/s/ *Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite1200
Providence, Rhode Island 02903
Phone: 401-632-0911
Fax: 401-632-0751
email: ghpalmer@dioriolaw.com

By: */s/ Richard M. Levy*
Richard M. Levy, Esq. (*pro hac vice*)
KROLL, McNAMARA, EVANS
& DELEHANTY LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-7070
Fax. (860) 561-7075
E-mail: rlevy@kmelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April 2008, a copy of the foregoing Answer, Affirmative Defenses and Counterclaim was filed electronically and served by first-class U.S. mail, postage prepaid, on anyone unable to accept electronic filing, including the following:

Brooks R. Magratten, Esq.
Michael J. Daly, Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903

Notice of this filing was sent by electronic mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr.,