IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY | : | |
| Plaintiff, | : | C.A. No. 07-356/S |
| | : | |
| v. | : | |
| | : | |
| BASSETT BOAT COMPANY, INC. | : | |
| Defendant. | : | |

**ANSWER OF NEW HAMPSHIRE INSURANCE COMPANY TO THE COUNTERCLAIM OF BASSETT BOAT COMPANY, INC.**

Plaintiff/counterclaim defendant, New Hampshire Insurance Company ("NHIC"), answers the counterclaim of defendant/counterclaim plaintiff, Bassett Boat Company, Inc. ("Bassett"), as follows:

**FIRST DEFENSE**

**Counterclaim – First Count (Breach of Insurance Contract)**

1. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1.

2. NHIC admits that Bassett is a dealer of new and used recreational boats, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2.

3. NHIC admits the allegations contained in paragraph 3.

4. NHIC admits the allegations contained in paragraph 4.

5. NHIC admits that Bassett reported that its Warwick facility was struck by a storm on or about April 15, 2007, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 5.

6. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7. NHIC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

8. NHIC admits that Bassett reported that a 57' Viking Sport Cruiser ("Viking"), a 40' Sear Ray 40MY ("Sea Ray 40MY") and a 28' Sea Ray 280 DA ("Sea Ray 280DA") were damaged by the storm, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 8, including sub parts (a) through (c).

9. NHIC admits that Bassett reported that the storm caused the Viking to become partially submerged and took on a substantial amount of water and that NHIC paid Bassett after declaring the Viking a constructive total loss, but denies the remaining allegations contained in paragraph 9.

10. NHIC admits that Bassett reported that the Sea Ray 40MY was damaged by the storm, that Bassett demanded that the vessel be declared a constructive total loss, and that NHIC made payment to Bassett, but denies the remaining allegations contained in paragraph 10.

11. NHIC admits that Bassett reported that the Sea Ray 280DA was damaged by the storm and that NHIC made payment to Bassett, but denies the remaining allegations contained in paragraph 11.

12. NHIC admits that Bassett reported that other unsold vessels in Bassett's stock were damaged by the storm and that NHIC made payment on all reportedly damaged vessels covered under the Yacht Dealers Policy, but denies the remaining allegations contained in paragraph 12.

13. NHIC denies the allegations contained in paragraph 13.

**Counterclaim-Second Count (Breach of Covenant of Good Faith and Fair Dealing)**

14. NHIC hereby repeats and incorporates by reference its responses to paragraphs 1 through 13 of the counterclaim as if herein fully set forth.

15. NHIC admits that the Bassett executed a limited release containing the provision quoted in paragraph 15 of Bassett's counterclaim, but denies the remaining allegations contained in paragraph 15.

16. NHIC admits that it asked Bassett to transfer the Viking to a third party, but denies the remaining allegations contained in paragraph 16.

17. NHIC admits that it declined to provide coverage or indemnification to Bassett beyond what was provided in the governing insurance policy, but denies the remaining allegations contained in paragraph 17.

18. NHIC denies the allegations contained in paragraph 18.

19. NHIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and, therefore, leaves Bassett to its proof.

20. NHIC denies the allegations contained in paragraph 20.

21. NHIC denies the allegations contained in paragraph 21.

22. NHIC denies the allegations contained in paragraph 22.

**Counterclaim-Third Count (Violation of M.G.L. c. 93A § 11)**

23. NHIC hereby repeats and incorporates by reference its answers to paragraphs 1 through 13 of Bassett's counterclaim as if herein fully set forth.

24. NHIC hereby repeats and incorporates by reference its answers to paragraphs 15 through 22 of Bassett's counterclaim as if herein fully set forth.

25. NHIC admits that it engages in the insurance business.

26. NHIC denies the allegations contained in paragraph 26, including its subparts (a) through (d).

27. NHIC denies the allegations contained in paragraph 27.

28. NHIC denies the allegations contained in paragraph 28.

29. NHIC denies the allegations contained in paragraph 29.

30. NHIC denies the allegations contained in paragraph 30.

31. NHIC denies the allegations contained in paragraph 31.

**SECOND DEFENSE**

32. Bassett's counterclaim fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

33. If Bassett suffered damages or harm as alleged, which NHIC expressly denies, then said damages or harm were caused by the acts or omissions of third person(s) over whom NHIC had no control, and for whom NHIC is not legally responsible.

**FOURTH DEFENSE**

34. Bassett's claims are barred by laches, estoppel, waiver and/or unclean hands.

**FIFTH DEFENSE**

35. Bassett's counterclaim is barred in whole or in part by its failure to provide notice of loss or damage in accordance with the policy of insurance.

**SIXTH DEFENSE**

36. Counts II and III of Bassett's counterclaim are barred in whole or in part by a binding release.

**SEVENTH DEFENSE**

37. Bassett's counterclaim is barred in whole or in party by the failure of a condition precedent.

WHEREFORE, NHIC, respectfully requests that this Court:

A. Enter judgment dismissing each and every cause of action or counterclaim brought against NHIC by Bassett;

B. Award NHIC its costs, including reasonable attorney's fees, incurred in connection with the defense of the counterclaim; and

C. Order such other and further relief as this Court deems just and proper.

Respectfully submitted by Plaintiff/Counterclaim Defendant, New Hampshire Insurance Company, by its Attorneys,

/s/ Michael J. Daly
Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Plaintiff/Counterclaim Defendant,
New Hampshire Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

/s/Andrew C. Coulam
Andrew C. Coulam, Esq.
R.I. Bar No. 6884
TAYLOR DUANE BARTON & GILMAN LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904
acoulam@taylorduane.com

Dated: April 23, 2008

CERTIFICATE OF SERVICE

To:

Richard M. Levy, Esq.
Kroll, McNamara, Evans & Delehanty, LLP
29 South Main Street
West Hartford, CT 06107

Gardner H. Palmer Jr., Esq.
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903

I hereby certify that I electronically filed this ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS on April 23, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service has been effectuated by electronic means.

/s/ Michael J. Daly