**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY | : | |
| Plaintiff | : | Case No. 07-356-S |
| v. | : | |
| BASSETT BOAT CO., INC. | : | |
| Defendant | : | |

**STATEMENT OF CLAIM OF DEFENDANT BASSETT BOAT CO., INC.**

Pursuant to LR Cv 16(b), the defendant-counterclaimant, Bassett Boat Company, Inc. (hereinafter “Bassett”), hereby files its Statement of Claim against New Hampshire Insurance Company (“New Hampshire Insurance”).

1. Brief Description of Case

Bassett is a recreational boat dealer based in Springfield, Massachusetts. Bassett maintains a sales location in Warwick, Rhode Island. In April 2007, a severe storm caused damage to over a dozen of Bassett’s boats. Most of these boats were new boats that were part of Bassett’s inventory and were being offered for sale. At least two of the damaged boats had been sold but not yet delivered to their purchasers. The damage to the vessels ranged from relatively minor to at least one total loss.

At the time of the loss, Bassett was insured under a comprehensive insurance policy issued by New Hampshire Insurance. Bassett timely notified New Hampshire Insurance of its loss, and between the date of the storm and the date on which New Hampshire Insurance filed this lawsuit, the parties had been working to resolve the coverage issues. New Hampshire Insurance contends that it has satisfied its obligations to Bassett under the policy. Bassett contends that New Hampshire Insurance has failed to

fully compensate it under the policy for the substantial losses it incurred as a result of the storm. Bassett believes the nature and extent of the damage to the various vessels is not seriously in dispute; the dispute appears to revolve around the construction and interpretation of the language of the insurance policy and the amount of compensation to which Bassett is entitled thereunder.

2. Elements of Claims

Bassett asserts three (3) claims against New Hampshire Insurance: (1) breach of insurance contract; (2) breach of the covenant of good faith and fair dealing implied in the insurance contract; and (3) violation of Mass. Gen. Laws ch. 93A § 11. Bassett contends that Massachusetts law governs the construction and interpretation of the insurance policy at issue in this case. Accordingly, the citation to relevant authorities is to Massachusetts law.

a. Breach of Insurance Contract

To prevail on this claim, Bassett must prove that it is the policyholder; that the policy was in effect at the time of the loss; that it has suffered damages that are compensable under the policy; and that New Hampshire Insurance has failed to pay to Bassett all amounts to which it is entitled. See Sterilite Corp. v. Continental Cas. Co., 20 Mass. App. Ct. 215, 479 N.E.2d 205 (1985).

Upon information and belief, there is no dispute that Bassett was insured under the policy issued by New Hampshire Insurance at the time of the loss or that Bassett suffered compensable damages as a result of the storm. The main issue is the interpretation of the policy provisions as they relate to the amount of coverage and limits of liability.

b. Breach of Covenant of Good Faith and Fair Dealing

To prevail on this claim, Bassett must prove that it is a party to a contract; it reasonably expected to receive certain benefits under the contract; New Hampshire Insurance engaged in conduct that injured Bassett's right to receive some or all of those benefits; NHIC was not acting in good faith at the time it committed the acts by which it injured Bassett's right to receive the benefits it reasonably expected to receive under the contract; and as a result, Bassett has suffered damages. See Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass. App. Ct. 585, 875 N.E.2d 527 (2007).

c. Violation of Mass. Gen. Laws ch. 93A § 11

To prevail on this claim, Bassett must prove: (1) that New Hampshire Insurance is and was at all times engaged in trade and commerce; (2) the conduct of New Hampshire Insurance constitutes an unfair method of competition and an unfair and deceptive act or practice and an unfair claim settlement practice in violation of Mass. Gen. Laws ch. 176D § 3(9); (3) the acts and practices of New Hampshire Insurance offend public policy as it has been established by statutes, common law or otherwise; is unethical, oppressive and unscrupulous; and has caused substantial injury to Bassett; and (4) Bassett has suffered an ascertainable loss as a result of New Hampshire Insurance's conduct. See Mass. Gen. Laws ch. 93A § 11; Mass. Gen. Laws ch. 176D § 3(9).

May 2, 2008

DEFENDANT, BASSETT
BOAT COMPANY, INC.
By Its Attorneys

/s/ *Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite1200
Providence, RI 02903
Phone: 401 632-0911
Fax: 401 632-0751
email: ghpalmer@diorio law.com

By: */s/ Richard M. Levy*
Richard M. Levy, Esq. (*pro hac vice*)
David A. Lavenburg, Esq. (*pro hac vice*)
KROLL, McNAMARA, EVANS
& DELEHANTY LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-7070
Fax. (860) 561-7075
E-mail: rlevy@kmelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May 2008, a copy of the foregoing Statement of Claim was filed electronically and served by first-class U.S. mail, postage prepaid, on anyone unable to accept electronic filing, including the following:

Brooks R. Magratten, Esq.
Michael J. Daly, Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903

Andrew C. Coulam, Esq.
TAYLOR, DUANE, BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Notice of this filing was sent by electronic mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr.,