IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEW HAMPSHIRE INSURANCE COMPANY :
Plaintiff, :
v. : C.A. No. 07-356/S
BASSETT BOAT COMPANY, INC.:
Defendant. :

**NEW HAMPSHIRE INSURANCE COMPANY'S STATEMENT OF ELEMENTS**

Plaintiff/counterclaim defendant[1] New Hampshire Insurance, Co. ("NHIC") submits this Statement of Elements, pursuant to this Court's Notice of Pretrial Conference, dated April 4, 2008. NHIC initiated this declaratory judgment action to confirm the rights, duties and liabilities of the parties under a Yacht Dealer/Marina Operations Policy issued by NHIC to defendant Bassett Boat Company, Inc. ("Bassett"). To obtain a declaratory judgment, New Hampshire Insurance Co. ("NH Insurance") must prove:

1) an actual controversy within the jurisdiction of the court; and

2) that New Hampshire Insurance Co. is an interested party to the controversy.

28 U.S.C. § 2201.

Although NH Insurance initiated this declaratory judgment action, burdens of proof concerning insurance coverage are not altered. American Eagle Ins. Co. v. Thompson, 85 F.3d 327, 331 (8th Cir. 1996). Bassett "bears the burden of proving a prima facie case, including but not limited to the existence and validity of a policy, the loss as within the policy coverage, and the insurer's refusal to make payments as required by the terms of the policy." Ins. Co. of North America v. Kayser-Roth Corp., 770 A.2d 403, 416-17 (R.I. 2001) (quoting General Accident Ins.

[1] Bassett has filed a counterclaim against NHIC alleging breach of contract (Count I), breach of covenant of good faith and fair dealing (Count II), and violation of Massachusetts consumer protection statute, Mass. Gen. Laws ch. 93A, §11 (Count III). NHIC intends move to sever and stay Counts II and III from the underlying contract dispute.

Co. of America v. American National Fireproofing, Inc., 716 A.2d 751, 757 (R.I. 1998)). If Bassett "makes a prima facie showing of coverage, [NHIC would bear] the burden of proving the applicability of policy exclusions and limitations…." Id. (quoting General Accident Ins., 716 A.2d at 757).

Respectfully submitted by Plaintiff/Counterclaim Defendant, New Hampshire Insurance Company, by its Attorneys,

/s/ Michael J. Daly
Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Plaintiff/Counterclaim Defendant,
New Hampshire Insurance Company
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

/s/Andrew C. Coulam
Andrew C. Coulam, Esq.
R.I. Bar No. 6884
TAYLOR DUANE BARTON & GILMAN LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904
acoulam@taylorduane.com

May 5, 2008

CERTIFICATE OF SERVICE

To:

Richard M. Levy, Esq.
Kroll, McNamara, Evans & Delehanty, LLP
29 South Main Street
West Hartford, CT 06107

Gardner H. Palmer Jr., Esq.
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903

I hereby certify that I electronically filed this STATEMENT OF ELEMENTS on May 5, 2008. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service has been effectuated by electronic means.

/s/ Michael J. Daly