**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY | : | |
| Plaintiff | : | Case No. 07-0356-S |
| v. | : | |
| BASSETT BOAT CO., INC. | : | |
| Defendant | : | |

**AFFIDAVIT OF RICHARD M. LEVY, ESQ., IN SUPPORT OF DEFENDANT BASSETT BOAT COMPANY, INC.'S MOTION TO TRANSFER VENUE**

The undersigned, Richard M. Levy, being duly sworn, hereby deposes and states as follows:

1. I am over the age of eighteen (18) years and I understand and believe in the obligations of an oath. I have personal knowledge of the facts and matters set forth herein. I make this affidavit in support of Bassett Boat Company, Inc.'s motion to transfer this case to Springfield, Massachusetts.

2. I am an attorney licensed to practice law in the State of Connecticut and the Commonwealth of Massachusetts. I am a partner with the firm of Kroll, McNamara, Evans & Delehanty, LLP, located in West Hartford, Connecticut.

3. I am counsel to Bassett Boat Co., Inc. ("Bassett").

4. In April 2007, I was notified by Bassett of a storm that struck Bassett's facility in Warwick, Rhode Island, and was retained by Bassett as

counsel to advise it in connection with, *inter alia*, insurance coverage issues relating to the loss.

5. As counsel to Bassett, I had many discussions and exchanged numerous correspondence with both Brooks Magratten, Esq., and Michael Daly, Esq., of Vetter & White, which is counsel to the insurer. My communications with these attorneys regarding this claim began around July 2, 2007, and continue through the present. These discussions related almost exclusively to attempting to settle and resolve the coverage issues surrounding Bassett's loss.

6. On or about January 17, 2008, I received a letter from Michael Daly, Esq., notifying me that NHIC had commenced a declaratory judgment lawsuit against Bassett and enclosing a copy of the complaint. A true and correct copy of that letter is attached hereto as Exhibit A. Prior to receiving this letter, I was not aware that NHIC had filed a lawsuit against Bassett.

Dated at West Hartford, Connecticut, this 5th day of May 2008.

Richard M. Levy

Subscribed and sworn to before me on this 5th day of May 2008.

Commissioner of Superior Court

VETTER & WHITE
*Attorneys at Law*

20 Washington Place
Providence, RI 02903
401-421-3060

Fax: 401-272-6803

VETTER & WHITE

January 17, 2008

BY FAX AND
FIRST CLASS MAIL
Richard M. Levy, Esq.
Kroll, McNamara, Evans & Delehanty, LLP
29 South Main Street
West Hartford, CT 06107

Re: New Hampshire Insurance, Co. v. Bassett Boat Company, Inc.

Dear Richard:

I am glad to hear that you are feeling better. I was hoping to touch base with you to resolve as many outstanding issues as possible. Since we last spoke, New Hampshire Insurance has received the two additional work orders that I previously mentioned to you. They are in line for payment and I expect to be able to forward you the checks shortly.

As for the Sea Ray work order, New Hampshire Insurance is prepared to process the check, but still needs information on any liens on the vessel. You mentioned that you believed Key Bank has a lien, but were awaiting confirmation from Bassett. Please let me know as soon as possible, so that we may forward payment promptly.

Because we have not been able to resolve all issues, New Hampshire Insurance has decided to move forward with a declaratory judgment action to confirm the parties' rights and obligations under the insurance policy. For your convenience, I enclose a copy of a complaint and summons that will be served on Bassett Boat Company today. Please do not take this as a signal that New Hampshire Insurance wants to stop working to resolve this matter amicably. As you previously mentioned, we have been able to make considerable progress over the past months and I hope to continue to do so. Please let me know if Bassett wants additional time to respond to the complaint while we try to resolve any remaining disagreements.

Very truly yours,

Michael J. Daly

MJD/ber
Encl:

**EXHIBIT A**