315371

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY<br>Plaintiff,<br><br>v.<br><br>BASSETT BOAT COMPANY, INC.<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-356-S |

**COUNTERCLAIM DEFENDANT NEW HAMPSHIRE INSURANCE COMPANY'S MOTION TO SEVER CLAIMS AND TO STAY DISCOVERY OF THE SEVERED CLAIMS**

Counterclaim defendant, New Hampshire Insurance Company, hereby moves to sever counterclaim plaintiff Bassett Boat Company, Inc.'s counterclaims of 1) breach of covenant of good faith and fair dealing and of 2) violation of Massachusetts General Laws, Chapter 93A and to stay all discovery regarding the severed claims until the remaining declaratory judgment claim and breach of contract counterclaim are resolved. In support of this motion, New Hampshire Insurance Company submits the accompanying Memorandum of Law.

The Counterclaim Defendant,
New Hampshire Insurance Company,
By its local counsel,

/s/ Andrew C. Coulam
Andrew C. Coulam
R.I. Bar No. 6884
acoulam@taylorduane.com
TAYLOR DUANE BARTON & GILMAN LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904/facsimile

And by its *Pro Hac Vice* counsel,

/s/ Robert M. Elmer
Robert M. Elmer, Esq.
R.I. Bar No. 6556
relmer@taylorduane.com
TAYLOR DUANE BARTON & GILMAN LLP
160 Federal Street
Boston, MA 02110
(617) 654-8900
(617) 482-5350/facsimile

**CERTIFICATE OF SERVICE**

I, Andrew C. Coulam, hereby certify that on May 21, 2008, I served a true and accurate copy of the foregoing, by ECM/ECF electronic mail notification, to the following individuals listed on the Electronic Mail Notice List for the above matter: Gardner H. Palmer, Jr., Esq. (ghpalmer@dioriolaw.com); Richard M. Levy, Esq. (rlevy@kmelaw.com); Brooks R. Magratten, Esq. (bmagratten@vetterandwhite.com); Michael J. Daly, Esq. (mdaly@vetterandwhite.com); and Robert M. Elmer, Esq. (relmer@taylorduane.com ). I also hereby certify that I served a true and accurate copy of the foregoing by U.S. mail, postage pre-paid to David Lavenburg, Esq. and Richard M. Levy, Esq. of Kroll, McNamara, Evans & Delehanty, LLP, 29 South Main Street, West Hartford, CT 06107.

/s/ Andrew C. Coulam

314910-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY<br>Plaintiff,<br><br>v.<br><br>BASSETT BOAT COMPANY, INC.<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-356-S |

**COUNTERCLAIM DEFENDANT NEW HAMPSHIRE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER CLAIMS AND TO STAY DISCOVERY OF THE SEVERED CLAIMS**

## INTRODUCTION

New Hampshire Insurance Company instituted this declaratory judgment action against Bassett Boat Company because the two companies had reached an impasse regarding the interpretation of the subject insurance policy. The impasse involves proper valuation of "loss" or damages arising out of an April 16, 2007 storm in Warwick, Rhode Island that damaged several boats in the possession of Bassett Boat Company. Bassett Boat Company, Inc. has asserted counterclaims for breach of contract, breach of covenant of good faith and fair dealing, and violation of Massachusetts General Laws Chapter 93A for unfair or deceptive trade practices.[1] While litigating the breach of contract counterclaim as part of the declaratory judgment action makes perfect sense, litigating the bad faith and Chapter 93A counterclaims (hereinafter referenced together as "bad faith counterclaims") together with the declaratory judgment claim and breach of contract counterclaim will cause substantial, irreparable prejudice to New

[1] Massachusetts General Laws Chapter 93A serves as the Commonwealth's equivalent to an insurance bad faith cause of action. See, e.g., Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co., 533 F. Supp. 2d 218 (D. Mass. 2008); Cytosol Laboratories, Inc. v. Federal Ins. Co., 536 F. Supp. 2d 80, 94-95 (D. Mass. 2008).

Hampshire Insurance Company. Severing and staying the bad faith counterclaims, on the other hand, would avoid this prejudice and promote judicial economy by potentially resolving the entire civil action without engaging the parties in extensive, contentious discovery on the bad faith issues. Accordingly, pursuant to Fed. R. Civ. P. 42(b), the Court should sever Bassett Boat's bad faith counterclaims from the remaining declaratory judgment and breach of contract claims and stay discovery with respect to the bad faith counterclaims until the contract dispute is resolved.

**ARGUMENT**

This Court has discretion, pursuant to Rule 42(b), to order separate trials of particular claims "in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Federal courts often invoke Rule 42(b) to sever bad faith claims from underlying claims for breach of an insurance contract. See Agrawal v. Paul Revere Life Ins. Co., 182 F. Supp. 2d 788, 791 (N.D. Iowa 2001); Miles v. State Farm Mut. Auto Ins. Co., 27 F. Supp. 2d 1246, 1247 (D. Nev. 1998); American Nat'l Red Cross v. Travelers Indem. Co. of RI, 924 F. Supp. 304, 308 (D. D.C. 1996); Cook v. United Service Auto. Ass'n, 169 F.R.D. 359, 361-62 (D. Nev. 1996).

Both Rhode Island and Massachusetts state courts follow the practice of severing and staying bad faith claims. See Skaling v. Aetna Ins. Co., 799 A.2d 997, 1010 (R.I. 2002); Bartlett v. John Hancock Mut. Life Ins. Co., 538 A.2d 997, 1002 (R.I. 1988) (abrogated on other points of law in Skaling, supra, 799 A.2d at 1007); Bixby v. Allstate Ins. Co., 1986 Mass. App. Div. 118, 119 (1986); Vasquez v. Elco Admin. Services, Inc. 2001 WL 1631535 at *2 (Mass. Super. 2001).

Two overriding rationales justify severance of bad faith claims from contract claims against an insurer: 1) avoidance of undue prejudice to the insurer and 2) promotion of judicial economy. See American Nat'l Red Cross, supra, 924 F. Supp. at 308; Cook, supra, 169 F.R.D. at 362; Skaling, supra, 799 A.2d at 1010; Bartlett, supra, 538 A.2d at 1002.

New Hampshire Insurance Company would be substantially prejudiced if Bassett Boat's bad faith counterclaims were not severed and stayed until the underlying breach of contract claims are resolved. Insurance bad faith claims usually require the production of the entire claims file. See Bartlett, supra, 538 A.2d at 1001; Ferrara & DiMercurio, Inc. v. St. Paul Mercury Ins. Co., 173 F.R.D. 7, 11 (D. Mass. 1997) (noting that claims files often constitute the only source of information relevant to whether the insurance company had a good faith basis for its coverage decision). Claims files, in turn, often contain attorney-client communications and documents prepared in anticipation of litigation regarding the dispute over the policy interpretation. See Ferrara, supra, 173 F.R.D. at 11. The insurer may be forced to produce these privileged documents in the context of the bad-faith claims. See id. at 11.

Accordingly, documents prepared by New Hampshire Insurance Company's attorneys to evaluate the claims issues in this case and, in particular, the strengths and weaknesses of Bassett Boat's interpretation of the applicable insurance policy would potentially be discoverable as to the bad faith counterclaims. See Ferrara, supra, 173 F.R.D. at 12. By the same token, the attorneys who drafted those documents also have appearances in this civil action and could become fact witnesses to the case. As such, they may be forced to withdraw as counsel if the bad faith counterclaims are not severed and stayed. See R.I. R. Prof. Conduct 3.7; Serody v. Serody, 19 Mass. App. Ct. 411, 413 (1985); Borman v. Borman, 378 Mass. 775, 785-786 (1979) (citing ABA Comm. on Professional Ethics, Opinions, No. 50 (1931) DR 5-102(A)).

Breach of contract claims, on the other hand, do not have the same need for the insurer's claims files. As such, the claims files are generally considered privileged in breach of contract cases. See Bartlett, supra, 538 A.2d at 1002.

Accordingly, New Hampshire Insurance Company would be substantially prejudiced if it were forced to waive attorney-client and work-product privileges pertaining to its claims files while at the same time defending the breach of contract counterclaims. The Rhode Island Supreme Court astutely noted the problem in Bartlett:

> ". . . while the liability under the contract for insurance is still at issue, certain documents in [the insurer's] claim file are protected by the qualified privilege of Rule 26(b)(2) [of the Rhode Island Rules of Civil Procedure]. To grant total access to an insurer's claim file at this stage in the proceedings [before the contract claims are resolved] would irreparably prejudice the insurer's ability to defend itself on the contract."

Bartlett, supra, 538 A.2d at 999-1000.[2] This prejudice, the court recognized, can be avoided by severing the bad faith counterclaims and staying discovery on that issue until the contract claim is resolved. Id. at 1002.

The judicial economy in severing and staying the bad faith counterclaims arises from the fact that success of a bad faith claim depends largely on the outcome of the separate breach of contract claim. See Liberty Mut. Ins. Co. v. Greenwich Ins. Co., 331 F.Supp.2d 8, 10 (D. Mass. 2004) (holding that summary judgment regarding Greenwich Insurance Company's counterclaim for breach of contract in favor of Liberty Mutual Insurance Company rendered Greenwich's counterclaim of bad faith through Massachusetts General Laws Chapter 93A moot); Hardguittini v. City of Providence, 837 A.2d 704, 705 n.1. If the insured is unsuccessful in its contract claim,

---

[2] The "qualified privilege" referenced in this quotation from the Bartlett case is the work product doctrine embodied in Fed. R. Civ. P. 26(b)(3) and first enunciated in Hickman v. Taylor, 329 U.S. 495 (1947).

success of the bad faith claim is highly improbable, if not impossible. See id. Indeed, judgment in favor of an insurer on a breach of contract claim renders a bad faith claim moot. See id.

For these reasons stated above, New Hampshire Insurance Company respectfully requests that this Court grant this motion to sever Bassett Boat's counterclaims for breach of covenant of good faith and fair dealing, as well as violation of Massachusetts General Laws Chapter 93A, from the remaining declaratory judgment claim and breach of contract counterclaim and stay discovery on the bad faith counterclaims until such time as the declaratory judgment claim and breach of contract counterclaim are resolved.

The Counterclaim Defendant,
New Hampshire Insurance Company,
By its local counsel,

/s/ Andrew C. Coulam

Andrew C. Coulam
R.I. Bar No. 6884
acoulam@taylorduane.com
TAYLOR DUANE BARTON & GILMAN LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904/facsimile

And by its *Pro Hac Vice* counsel,

/s/ Robert M. Elmer

Robert M. Elmer, Esq.
R.I. Bar No. 6556
relmer@taylorduane.com
TAYLOR DUANE BARTON & GILMAN LLP
160 Federal Street
Boston, MA 02110
(617) 654-8900
(617) 482-5350/facsimile

**CERTIFICATE OF SERVICE**

I, Andrew C. Coulam, hereby certify that on May 21, 2008, I served a true and accurate copy of the foregoing, by ECM/ECF electronic mail notification, to the following individuals listed on the Electronic Mail Notice List for the above matter: Gardner H. Palmer, Jr., Esq. (ghpalmer@dioriolaw.com); Richard M. Levy, Esq. (rlevy@kmelaw.com); Brooks R. Magratten, Esq. (bmagratten@vetterandwhite.com); Michael J. Daly, Esq. (mdaly@vetterandwhite.com); and Robert M. Elmer, Esq. (relmer@taylorduane.com ). I also hereby certify that I served a true and accurate copy of the foregoing by U.S. mail, postage pre-paid to David Lavenburg, Esq. and Richard M. Levy, Esq. of Kroll, McNamara, Evans & Delehanty, LLP, 29 South Main Street, West Hartford, CT 06107.

/s/ Andrew C. Coulam