**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY | : | |
| Plaintiff | : | Case No. 07-0356-S |
| v. | : | |
| BASSETT BOAT CO., INC. | : | |
| Defendant | : | May 28, 2008 |

**BASSETT BOAT COMPANY, INC.'S REPLY TO**
**NEW HAMPSHIRE INSURANCE COMPANY'S**
**OBJECTION TO BASSETT'S MOTION TO TRANSFER VENUE**

Pursuant to LR Cv 7(b), the defendant, Bassett Boat Co., Inc. ("Bassett"), files this reply to the objection to motion to transfer venue filed by the plaintiff, New Hampshire Insurance Company ("NHIC"). Although NHIC raises a litany of issues which appear on the surface to militate against the transfer of venue, a closer examination of those issues reveals that virtually none of them are or will be relevant to the resolution of the case.

1. Testimony from Local Witnesses Will Not be Necessary on the Issue of the Nature and Extent of Damage to the Vessels

NHIC attempts to portray the issue in controversy in this case as requiring the attendance of Rhode Island witnesses to testify about the nature and extent of the damage to the various vessels, and it further claims that it will "request a view of multiple vessels so the jury can determine for itself how significant the damages are/were and whether the repairs fully restored the vessels to their pre-loss condition." NHIC's Brief at 16. While

these assertions appear on their face to justify maintaining venue in Rhode Island, the nature and extent of the damage to the vessels simply are not issues in dispute in this case. Bassett has submitted numerous invoices for repair work to the vessels, and NHIC has not disputed the need for any of the repairs, the number of hours of labor required to perform the repairs, or the parts and materials used in connection with the repairs. The only issue in dispute as it relates to Bassett's repair invoices is whether NHIC is obligated under the applicable policy of insurance to pay Bassett its full rate for labor and parts, or whether NHIC can – as it actually did with respect to every invoice – unilaterally reduce the amount due to Bassett by twenty percent to reflect what NHIC claims to be Bassett's actual cost of repairs. This is largely an issue of contract interpretation, but testimony will be necessary as to Bassett's cost for labor and materials. Bassett has established by affidavit that the person most likely to testify about this issue is Paul Zable, who lives in Springfield, Massachusetts, and works out of Bassett's corporate office in Springfield. NHIC has not submitted any affidavits to counter this assertion.

NHIC's claim that there are "disputes over the extent of damage to the Sea Ray 40 and the adequacy of repairs to other vessels" which will require testimony from local witnesses is factually unsupported and without merit. The Bassett Affidavit clearly states that "there appears to be little dispute about the nature and extent of the damage to each of the Sea Rays," (Bassett Aff. § 8), and NHIC has not submitted an affidavit contradicting this state of facts.

Contrary to NHIC's assertion, the issue with respect to the Sea Ray 40MY and the other vessels is the *amount that NHIC is obligated to compensate Bassett under the policy*.

This dispute exists because NHIC continues to operate under the mistaken belief that simply paying Bassett to repair these vessels – which Bassett purchased new from the manufacturers and owned for the purpose of selling them at retail – is sufficient to meet its obligation under the policy to compensate Bassett an amount sufficient to "repair or replace the same with like kind and quality." NHIC refuses to acknowledge that Bassett did not own these vessels for recreational use, and thus simply repairing the vessels to make them seaworthy does not render them of "like kind and quality," *i.e.*, brand new vessels that can be sold at retail for full price. In other words, NHIC is ignoring the fact that the insurance policy at issue is a Yacht Dealer's Policy, not a recreational boat owner's policy, and the term "like kind and quality" means very different things in these different contexts. Thus, Bassett's claim that the Sea Ray 40MY was a constructive total loss does not arise out of a dispute about the extent of the repairs needed to make the vessel seaworthy, but rather the amount that NHIC is obligated to pay Bassett on account of the loss (and whether that amount rendered the vessel a constructive total loss).

In light of the foregoing, NHIC's assertions – which are unsupported by affidavit – that Bassett's Rhode Island employees will be needed to testify about the repairs – and that the jury will need to inspect the vessels – are simply wrong.[1] Aside from Bassett's claims of bad faith, this case involves a dispute over the interpretation of an insurance policy that was

---

[1] In addition, NHIC's suggestion that a jury of laymen can inspect a sophisticated motor yacht and determine "whether the repairs fully restored the vessels to their pre-loss condition" is ludicrous. Even if the jury could make such a determination, however, this suggestion presupposes that the vessels have not been sold, moved to another facility or otherwise disposed of by Bassett. In short, there is virtually no chance that a viewing of any of the vessels will be relevant to any issue in this case.

not entered into in Rhode Island, is not governed by Rhode Island law, and as to which neither the insurer or the insured are Rhode Island citizens under applicable federal law.

2. The Testimony of Officers and Employees from Bassett's Springfield Corporate Office is Extremely Relevant to the Issues in this Case

NHIC's claim that the testimony of Bassett's owner, Diane Bassett-Zable, its service manager, Paul Zable, and its controller, Sheldon Collins, will not be relevant completely ignores the issues in this case. One of the main issues is the "actual cash value" of the damaged vessels, and in making that determination, the broad evidence rule will apply. See Agoos Leather Co. v. American & Foreign Ins. Co., 342 Mass. 603, 174 N.E.2d 652 (1961). Under this rule, relevant evidence includes the market value of the property, replacement cost less depreciation, as well as any other evidence that is probative of actual cash value. As set forth in the Bassett affidavit, the individuals listed above have been identified as having the most knowledge about these issues and will testify as to Bassett's losses. Contrary to NHIC's *unsupported* allegations, Bassett's Rhode Island salespeople will not be called to testify about this highly relevant financial information. Likewise, Bassett has established *by affidavit* the disruption to the operation of this family-run business that will ensue if its key officers and employees are compelled to travel to and from Providence for this case. Although NHIC attempts to minimize this serious inconvenience, it offers no real evidence to rebut it. Of equal significance, NHIC makes no serious argument that litigating this case in Massachusetts would cause any real inconvenience to it. Indeed, NHIC does business in and routinely litigates cases in Massachusetts. See, e.g., New Hampshire Ins. Co. v. Arpin, 447 Mass. 1103 (2006); New Hampshire Ins. Co. v. McCann, 429 Mass. 202, 707 N.E.2d 332 (1999); Hartford Casualty Ins. Co. v. New

Hampshire Ins. Co., 417 Mass. 115, 628 N.E.2d 14 (1994); Melrose Housing Auth. v. New Hampshire Ins. Co., 402 Mass. 27, 520 N.E.2d 493 (1988); New Hampshire Ins. Co. v. Fahey, 385 Mass. 137, 430 N.E.2d 1193 (1982).[2]

NHIC submits an affidavit of William Robbins, its marine surveyor, who states that although he resides in Haddam, Connecticut – which he admits is closer to Springfield than to Providence – his business brings him into Rhode Island frequently, and therefore litigating this case in Rhode Island would be more convenient for him. Ironically, after arguing that the "short distance" between Springfield and Providence will not cause Bassett any inconvenience and therefore does not warrant transfer[3] (see NHIC Brief at 11-12), NHIC asserts that the case should not be transferred because "to travel to Springfield in connection with this case would likely require Mr. Robbins to miss an entire day of work and impose additional financial burden associated with travel time and costs." NHIC Brief at 13. NHIC fails to explain why, if this Court should be swayed by the distance and

---

[2] NHIC also argues that venue should remain in Rhode Island because its attorneys are located here. Undoubtedly, this is the primary reason the action was filed in Rhode Island in the first place. Nonetheless, the law is clear that the location of and convenience to a party's counsel should have no bearing on a motion to transfer venue. See McEvily v. Sunbeam-Oster Co., 878 F. Supp. 337 (D.R.I. 1994).

[3] NHIC's assertion that the distance between Springfield and Providence is insignificant – and thus the inconvenience and disruption to Bassett's business will be inconsequential – reflects the perspective of a multinational insurance conglomerate such as NHIC's parent, AIG, but ignores the far different economic environment confronted by a small business such as Bassett. Indeed, given that NHIC routinely litigates cases in Massachusetts, its strong objection to transfer suggests that it is well aware of the difficulties that litigating this case in Rhode Island will cause Bassett. In any event, while the distance between venues may be a consideration, a short distance certainly does not always require denial of a motion to transfer. See, e.g., Flaherty v. All Hampton Limousine, Inc., 2002 WL 1891212 (S.D.N.Y. 2002) (approving transfer from Southern District to Eastern District of New York for convenience of majority of parties) (copy attached as Exhibit A).

inconvenience that travelling to Springfield would cause Mr. Robbins, it should not consider the longer distance that Bassett will have to travel to Providence to be an inconvenience to Bassett. Bassett, which is a defendant in this suit, will be required to have its key officers and employees travel to and from Providence much more frequently than Mr. Robbins, and has far more at stake in this case than Mr. Robbins.

3. This Action is Not a "Localized Controversy"

Finally, NHIC strains to describe this suit as a "localized controversy" of great interest to Rhode Islanders. NHIC Brief at 17. Such a characterization heavily glosses over the real issue in this case, which is the interpretation of an insurance policy that, aside from providing coverage for Bassett's sales location in Warwick, has no other connection with Rhode Island. Indeed, in Albany Ins. Co. v. Wisniewski, 579 F. Supp. 1004 (D.R.I. 1984), the court – in undertaking a choice-of-law analysis – recognized the lack of connection with the state in a case with strikingly similar facts. In Wisniewski, the plaintiff insurers brought an action against a boat owner to rescind a marine insurance policy that covered a vessel which was located and damaged in Rhode Island. Notwithstanding the fact that the vessel was damaged in Rhode Island, the court concluded that "Rhode Island has no substantial, legitimate interest here which would compel the application of its laws." Id. at 1013. The court stated:

> The only connection which this action has with Rhode Island is that, during all times relevant to the litigation, the [vessel] was located in Rhode Island. Although the corporate plaintiffs do business in Rhode Island, each has its principal place of business in New York City …. The defendant is a citizen of Connecticut. And perhaps most significantly, the negotiations for coverage pirouetted around New York, all of [the marine insurance broker's] activities and dealings occurred there, and the marine insurance contract was issued in New York.

Id.

Wisniewski admittedly involved a determination of choice-of-law, rather than a motion to transfer venue. Nonetheless, the recognition by the court that Rhode Island had no legitimate interest in the application of its law to the case since the real issue in controversy related to the insurance policy itself and not the vessel or the damage to the vessel, informs the analysis on Bassett's motion to transfer. This case is about the interpretation of an insurance policy issued to a Massachusetts company by a New York insurer. As in Wisniewski, Rhode Island has no substantial, legitimate interest in this case.

While Rhode Island's connection with the issues in this case is tenuous, the interests of the Commonwealth of Massachusetts in having this case litigated within its borders are very strong. As noted in Bassett's memorandum of law in support of its motion to transfer, Massachusetts has developed a strong policy of applying its substantive law in cases involving the interpretation of multistate insurance policies issued to Massachusetts insureds such as Bassett. See Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 30-31 (1st Cir. 1997) (citing United Techs. Corp. v. Liberty Mut. Ins. Co., 407 Mass. 591, 555 N.E.2d 224, 227 (1990)). This strong policy in favor of the application of Massachusetts law reflects the compelling interest that the Commonwealth of Massachusetts has in cases such as this and leads to the inescapable conclusion that the public factors weigh heavily in favor of transferring this case to the District of Massachusetts at Springfield.

For all of the foregoing reasons, as well as those set forth in Bassett's initial memorandum of law, Bassett respectfully requests that its motion to transfer venue be granted.

May 30, 2008.

DEFENDANT, BASSETT
BOAT COMPANY, INC.
By Its Attorneys

/s/ *Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr., Esq., No. 3707
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite1200
Providence, Rhode Island 02903
Phone: 401-632-0911
Fax: 401-632-0751
email: ghpalmer@dioriolaw.com

*/s/ Richard M. Levy*
Richard M. Levy, Esq. (*pro hac vice*)
KROLL, McNAMARA, EVANS
& DELEHANTY LLP
29 South Main Street
West Hartford, CT 06107
Tel. (860) 561-7070
Fax. (860) 561-7075
E-mail: rlevy@kmelaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May 2008, a copy of the foregoing Reply to Objection to Motion to Transfer Venue was filed electronically and served by first-class U.S. mail, postage prepaid, on anyone unable to accept electronic filing, including the following:

Brooks R. Magratten, Esq.
Michael J. Daly, Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903

Andrew C. Coulam, Esq.
TAYLOR, DUANE, BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Notice of this filing was sent by electronic mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Gardner H. Palmer, Jr.*
Gardner H. Palmer, Jr.,