Flaherty v. All Hampton Limousine, Inc.
S.D.N.Y.,2002.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
James E. FLAHERTY, Plaintiff,
v.
ALL HAMPTON LIMOUSINE, INC., et al.,
Defendants.
**No. 01 Civ.9939 SAS.**

Aug. 16, 2002.

Plaintiff sued 12 defendants, raising labor-related claims. The District Court, Scheindlin, acting sua sponte, held that case would be transferred to Eastern District of New York, for convenience of parties and witnesses.

Case transferred.

West Headnotes

**Federal Courts 170B 106.5**

170B Federal Courts
170BII Venue
170BII(B) Change of Venue
170BII(B)1 In General; Venue Laid in Proper Forum
170Bk106 Determination in Particular Transferable Actions
170Bk106.5 k. In General. Most Cited Cases
(Formerly 170Bk106)
Suit against twelve defendants, eight of which were located on Long Island, would be transferred to Eastern District of New York, for convenience of parties and witnesses. 28 U.S.C.A. § 1404(a).

James E. Flaherty, Riverhead, New York, Plaintiff pro se.
Nora C. Marino, Great Neck, New York, for Defendants All Hampton Limousine, Inc., Matthew Galiadatto, Mary Neary, and Crystal Joyce.
Thomas J. Donovan, Bee, Eisman & Ready, LLP, Mineola, New York, for Defendant Rocky Point Taxi.
Joseph M. Glatstein, Williamson & Williamson, P.C., New York, New York, for Defendants Gates McDonald of New York and Barbara Swan.
James T. Reynolds, Reynolds Caronia Gianelli & Hagney, LLP, Hauppauge, New York, for Defendant Peter Collucci.
Mitchell D. Goldberg, Ochs & Goldberg, LLP, New York, New York, for Defendant John Tomitz.
Jones Hirsch Connors & Bull P.C., New York, New York, for Defendants David Morse & Associates, Inc. and Christopher Scheno.
Richard T. Radsch, New York, New York, for Defendant Reliance National Risk Specialists Inc..

*MEMORANDUM OPINION AND ORDER*

SCHEINDLIN, J.
***1** A review of plaintiff's Amended Complaint ("Am.Cmplt.") indicates that plaintiff resides in the Hamlet of Hampton Bays located in Long Island, New York. *See* Am. Cmplt. ¶ 19. Eight of the twelve defendants maintain offices or otherwise reside at addresses located within the Eastern District of New York (All Hampton Limousine, Inc.; Crystal Joyce; Mary Neary; Matthew Galiadatto; John Tomitz; Rocky Point Taxi Inc.; Peter Colucci; and David Morse & Associates, Inc.), two defendants maintain offices within the Northern District of New York (Gates McDonald of New York and Barbara Swan), one defendant maintains offices within the Southern District of New York and Pennsylvania (Reliance National Risk Specialists), and the residence of one individual defendant, Christopher Scheno, cannot be ascertained from the Amended Complaint. *See* Am. Cmplt. ¶¶ 9-18, 50 & Ex. Y.

Furthermore, a substantial portion of the events or omissions giving rise to plaintiff's claims occurred within the Eastern District. For example, plaintiff alleges that Rocky Point Taxi Inc. under-reported his 1999 wages to the Internal Revenue Service Center located at Riverhead, Long Island. *See id.* at ¶ 23.Plaintiff also alleges that All Hampton Limousine, Inc., conspiring with other defendants, sought to defraud him of New York State Workers Compensation benefits he was entitled to as a result of an on-the-job accident occurring in Hampton Bays, Long Island. *See id* . ¶ 24 and Ex. A.

Section 1404(a) of Title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."28 U.S.C. § 1404(a). The purpose of section 1404(a)"is to prevent the 'waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F.Supp. 81, 94 (S.D.N.Y.1995) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred "might have been brought" in the transferee venue; and (2) whether the balance of convenience and justice favors transfer. *See American Alliance Ins. Co. v. Sunbeam Corp.*, No. 98 Civ. 4703, 1999 WL 38183, at *3 (S.D.N.Y. Jan.28, 1999); *Gerling American Ins. Co. v. FMC Corp.*, No. 97 Civ. 6473, 1998 WL 410898, at *2 (S.D.N.Y. July 22, 1998) ("Motions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness."). Because this action could have been brought in the Eastern District of New York, transfer depends on the balance of convenience and justice.

In making this determination, a judge has "[c]onsiderable discretion in adjudicating a motion for transfer according to an individualized, case-by-case consideration of convenience and fairness."*Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. May 27, 1999) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992)). A non-exclusive list of factors to consider includes:

***2** (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

*Ayala-Branch v. Tad Telecom, Inc.*, 197 F.Supp.2d 13, 15 (S.D.N.Y.2002). No individual factor is determinative and a court has discretion to weigh each factor to reach a fair result. *See Pharmaceutical Resources, Inc. v. Alpharma USPD Inc.*, No. 02 Civ. 1015, 2002 WL 987299, at *5 (S.D.N.Y. May 13, 2002) (citing *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 560 (S.D.N.Y.2000)).

Application of the above factors clearly indicates that the Eastern District of New York is the more convenient forum for this action. There is no question that this action could have been brought originally in the Eastern District of New York. Most of the witnesses reside within the Eastern District of New York. *See In re Eastern District Repetitive Stress Injury Litig.*, 850 F.Supp. 188, 194 (E.D.N.Y.1994) (stating that the "[c]onvenience of witnesses is the most powerful factor governing the decision to transfer a given case"). Furthermore, plaintiff's claims arise from acts taken within the Eastern District and the majority of relevant documents are located there. Similarly, the second factor favors transfer. Clearly, the Eastern District of New York is a more convenient forum for the *majority* of the parties. The fifth through seventh factors are neutral-witnesses can just as easily be compelled to appear before the Eastern or Southern District of New York, the means of the parties are not affected, and courts in the Eastern District are equally familiar with the governing law. While the eighth factor-plaintiff's choice of forum-favors retaining jurisdiction here, it is not dispositive. *See Ayala-Branch*, 197 F.Supp.2d at 15 (stating that plaintiff's choice of forum measurably diminishes "when the operative facts have few meaningful connections to the plaintiff's chosen forum"); *United States Surgical Corp. v. Imagyn Med. Techs., Inc.*, 25 F.Supp.2d 40, 46 (D.Conn.1998) (holding that plaintiff's "choice of forum is entitled to little deference because the events giving rise to this case did not occur in Connecticut"). Plaintiff has expressed concern about his travel distance to the Long Island courthouse. *See* August 2, 2002 Letter from Flaherty to defense counsel at 3. Plaintiff fails to recognize, however, that this case might be assigned to the Brooklyn courthouse. Finally, the last factor-trial efficiency and interests of justice-strongly supports a transfer of venue given this action's nexus to Long Island.

***3** In sum, in the interests of justice and for the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

convenience of the parties and witnesses, the above captioned case is hereby transferred, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of New York. Although this transfer is being made *sua sponte, see Mattel, Inc. v. Adventure Apparel*, No. 00 Civ. 4085, 2001 WL 286728, at *5 (S.D.N.Y. Mar.22, 2001) (holding that a court can transfer venue *sua sponte* (citing *Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n. 17 (2d Cir.1979)), I note that two defendants raised improper venue as an affirmative defense. *See* Answer of Rocky Point Taxi Inc. ¶ 6 and Answer of Peter Collucci ¶ 6.

The Clerk of the Court is directed to transfer this file to the Eastern District of New York forthwith. All pending motions will be addressed by the transferee court.

S.D.N.Y.,2002.
Flaherty v. All Hampton Limousine, Inc.
Not Reported in F.Supp.2d, 2002 WL 1891212 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.