**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY | : | |
| Plaintiff | : | Case No. 07-356 S |
| v. | : | |
| | : | |
| BASSETT BOAT CO., INC. | : | |
| Defendant | : | |

**COUNTERCLAIM PLAINTIFF BASSETT BOAT COMPANY, INC.'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO THE MOTION TO SEVER CLAIMS AND TO STAY DISCOVERY OF THE SEVERED CLAIMS**

Counterclaim Plaintiff Bassett Boat Company, Inc. (hereinafter "Bassett") files this memorandum of law in support of its objection to the motion to sever claims and stay discovery filed by Counterclaim Defendant New Hampshire Insurance Company (hereinafter "NHIC"). Although NHIC's argument in support of severance has superficial appeal, NHIC notably fails to mention the critical fact that the basis for Bassett's claim for breach of the covenant of good faith and fair dealing implied in the insurance contract is not NHIC's failure to pay all amounts due to Bassett under the policy. Instead, the factual basis of that count arises out of certain misconduct in which NHIC engaged in connection with the transfer of one of the vessels that had been damaged by the storm and declared a constructive total loss by NHIC. In other words, contrary to virtually every case cited by NHIC, Bassett's bad faith claims are not entirely dependent upon the success of Bassett's breach of contract claim. As a result, the bad faith claims will have to be litigated regardless of the outcome of the breach of contract claim. The primary justification for severance, which is to promote judicial economy by avoiding the

litigation of claims that ultimately may be moot, does not apply in this case. Accordingly, NHIC's motion must be denied.

FACTUAL BACKGROUND

NHIC instituted this declaratory judgment action after it failed and refused to adequately compensate Bassett under a certain yacht dealers insurance policy (hereinafter referred to as the "Policy").[1] In response, Bassett filed an answer, affirmative defenses and counterclaims. In Count One of its counterclaim, Bassett alleges that NHIC breached the Policy by failing and refusing to fully compensate Bassett on account of its substantial losses arising out of a storm that struck its facility in Warwick, Rhode Island, causing damage to numerous vessels in Bassett's inventory. In Count Two, Bassett alleges that NHIC breached the covenant of good faith and fair dealing implied in the Policy as a result of certain conduct in which it engaged in connection with the conveyance by Bassett of one of the boats that was damaged in the storm and declared a constructive total loss by NHIC. In Count Three, Bassett alleges that NHIC's bad-faith failures both to resolve the coverage issues and to properly deal with Bassett in connection with the conveyance issue violate Mass. Gen. Law Chapter 93A, Section 11.

ARGUMENT

This Court has discretion pursuant to Rule 42(b) to order separate trials of particular claims. Historically, the factual predicate for ordering severance of a breach of insurance contract and bad faith claims under Rhode Island law has been that the resolution of the breach

[1] It is noteworthy that NHIC filed its complaint approximately four months before serving the complaint and while NHIC was negotiating, purportedly in good faith, over disputes involving the interpretation of certain provisions of the Policy.

of contract claim in favor of the insured is a necessary prerequisite to establishing liability under a bad-faith claim. *Bartlett v. John Hancock Mutual Life Ins. Co.*, 538 A.2d 997, 1002 (R.I. 1988) (abrogated in part by *Skaling v. Aetna Ins. Co.*, 799 A.2d 997 (R.I. 2002)). That factual predicate, however, does not exist in this case and renders the case wholly inappropriate for severance. Bassett's claim for breach of the covenant of good faith and fair dealing and unfair and deceptive trade practices under Mass. Gen. Law Chapter 93a are not entirely dependent on a favorable adjudication of Bassett's breach of insurance contract claim. Bassett's claims in counts two and three of its counterclaim arise only in part from the failure of NHIC to fully compensate Bassett under the Policy. More specifically, Bassett's counterclaim alleges, *inter alia,* that NHIC breached its implied obligations to Bassett under the Policy in connection with the conveyance of the Viking 57 Sport Cruiser (Hull No. VSC57079B607) (hereinafter referred to as the "Viking"). See Bassett's Answer and Affirmative Defenses and Counterclaim, Second Count, ¶¶ 15-17; Third Count, ¶ 24. These facts do not arise out of NHIC's failure to fully compensate Bassett under the Policy and will need to be litigated regardless of the outcome of the breach of contract claim. Accordingly, the primary justification for severance set forth in the cases cited by NHIC is non-existent with respect to count two of Bassett's counterclaim, and partly inapplicable with respect to count three. As a result, there exists absolutely no legal or factual basis upon which to sever count two, and the argument for severance of count three is substantially undermined.[2]

[2] Notably, NHIC cites no cases that stand for the proposition that a claim for breach of the implied covenant of good faith and fair dealing should be severed from a claim for breach of contract in a case such as this one.

Furthermore, even if Bassett's claims for breach of the covenant of fair dealing and violations of Mass. Gen. Law Chapter 93A did arise exclusively from NHIC's breach of contract, the Rhode Island Supreme Court's decision in *Skaling* arguably has abrogated the rule in *Bartlett* requiring severance. The Supreme Court stated in this regard:

> Although the question of whether every claim of bad faith in every case should be severed from the breach of contract claim is not now before us, in an appropriate case, a bifurcated trial may be a useful approach.

*Skaling*, 799 A.2d at 1010 n.7.; *see also Weeks v. Progressive Ins. Co.*, 2005 R.I. Super. Lexis 111 (motion to sever bad-faith claim denied because approaches other than severance available to further judicial economy and eliminate prejudice).[3]

In *Skaling*, the court retained the general rule that an insurer is insulated from bad-faith liability if its coverage position was "fairly debatable," but even a fairly debatable coverage position could result in bad-faith liability if it arose from an unfairly biased or inadequate claims investigation. *Skaling*, 799 A.2d at 1006. *Skaling* thus stands for the proposition that it is no longer the rule in Rhode Island that a judgment in favor of the insured must first enter on a breach of insurance contract claim in every case before a bad-faith claim can be adjudicated. Based on this holding, it follows that severance of bad-faith claims is no longer required in Rhode Island.

In this case, based on the fact that counts two and three factually do not arise solely out of NHIC's breach of contract and, even if they did, such would not necessarily mandate severance, the Court should deny the motion to sever, especially since other approaches are

---

[3] A copy of the decision in *Weeks* is attached hereto.

available to address the alleged discovery concerns raised by NHIC. For example, severance has never been required to protect work-product or privileged documents; the court can enter appropriate orders relating to the discovery and admissibility at trial of such documents when and if the issue actually arises. Further, to the extent deemed necessary in the future, the court may order a bifurcated – rather than a separate – trial, which would eliminate the need to engage in two rounds of discovery, require two juries to consider the same evidence, *etc*., while preserving any privileged communications until the disclosure of the information is required.

Based on the foregoing, Bassett respectfully asserts that there exist no factual or legal grounds upon which to sever count two of its counterclaim. As a result, NHIC's motion to sever that count must be denied. Further, the typical factual predicate that would support severance of count three is lacking in this case, and in light of the *Skaling* and *Weeks* decisions, other options exist to address NHIC's concerns that would be more efficient and less expensive to all involved than severance of the claim.

## CONCLUSION

For the foregoing reasons, Bassett requests that this Court deny NHIC's motion and enter such further relief as it deems just and proper.

BASSETT BOAT COMPANY, INC.
By its Attorneys

/s/ *Gardner H. Palmer, Jr.*

Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite1200
Providence, Rhode Island 02903
401 632-0911
401 632-0751 Fax
email: ghpalmer@dioriolaw.com

/s/ *David Lavenburg*
David Lavenburg (*pro hac vice*)
KROLL, McNAMARA, EVANS
& DELEHANTY LLP
65 Memorial Road, Suite 300
West Hartford, CT 06107
860 561-7070
860 561-7075 Fax
E-mail: dlavenburg@kmelaw.com

June 23, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 23rd day of June, 2008, a copy of the foregoing Memorandum in Support of Objection to Motion to Sever Claims was sent by electronic mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Brooks R. Magratten, Esq.
Michael J. Daly, Esq.
VETTER & WHITE
20 Washington Place
Providence, RI 02903

Andrew C. Coulam, Esq.
TAYLOR, DUANE, BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

/s/ *Gardner H. Palmer, Jr.*